POLLOCK COHEN LLP
Christopher K. Leung, CA Bar No. 210325
Adam Pollock (*pro hac vice*)
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel: (415) 825-8500
Email: Adam@PollockCohen.com

LAW OFFICE OF JEREMY L. FRIEDMAN
Jeremy L. Friedman, CA Bar No. 142659
2801 Sylhowe Road
Oakland, CA 94610
Tel: (510) 530-9060
Email: jlfried@comcast.net

*Attorneys for Plaintiff-Relator Jeffrey Mazik*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *et al. ex rel.* JEFFREY MAZIK,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER PERMANENTE, INC., KAISER FOUNDATION HEALTH PLAN, INC., and EASTERSEALS, INC.<br><br>Defendants. | 2:19-CV-0559 JAM KJN<br><br>**REQUEST TO SEAL DOCUMENT** |

Pursuant to E.D. Cal. L.R. 141, relator Jeffrey Mazik hereby requests that the Court permit the filing of a document under seal: Relator's First Amended *Qui Tam* Complaint. Relator seeks to file the amended complaint consisting of 54 pages under seal to give the United States an opportunity to review and/or investigate the amended pleading for purposes of potential intervention. He requests that, unless otherwise permitted by the Court, the amended pleading remain under seal for a period of 60 days

1

and shall expire thereafter unless a further request to extend the stay is made before the expiration.

Pursuant to the express requirements of the False Claims Act, Relator filed his initial *qui tam* complaint against Defendants under seal on April 1, 2019. ECF 1.; *see* 31 U.S.C. § 3170(b)(2).  It is Relator's present counsel's understanding that the seal was thereafter extended until the government parties filed notices of their declination to intervene in this case in July 2020. ECF nos. 18, 19. The Court then lifted the seal. ECF no. 20.

Subsequent to the lifting of the seal, relator Mazik retained new counsel to represent him in this *qui tam* action, and served the initial complaint on defendant Kaiser Permanente. ECF no. 40. Upon completing their initial investigation, Mazik's new counsel determined to revise and supplement the initial pleading and file an amended complaint. Although core operative facts are shared between the two pleadings, Relator's counsel determined that the best course is to file the amended complaint under seal to allow a new initial look by the government.

The False Claims Act requires filing of initial complaints under seal in large part so that the government can conduct an investigation into named defendants and alleged misconduct in confidence. In that process, the government may choose to disclose relator's allegations to the targeted defendants as best fits its investigations. Although the fact of the filing of an amended complaint is necessarily disclosed to Defendants through this motion, the sealing order would allow the government a period of time to investigate the amended complaint and to make an informed decision about whether to intervene in the action in light of the information presented.

Relator requests that the amended complaint remain under seal for a period of 60 days. He suggests that the seal expire automatically after 60 days, unless any party files a request to extend the seal on or before the 60th day. He asks that the seal preclude all Defendants and the public from having access to the amended complaint until the seal is modified by the Court, lifted, or partially lifted.

Relator has served the notice of request to seal documents, this request, and the proposed order on counsel for the United States, California, and defendant Kaiser Permanente. In light of the express terms of the False Claims Act requiring sealed filing of initial complaints, as well as the purpose of the requested sealing, Relator has not yet served the amended complaint on Defendants.

## CONCLUSION

For the foregoing reasons, Relator requests that the Court order the sealed filing of the First Amended *Qui Tam* Complaint, that defendants and the public not yet have access to sealed filing, and that the seal remain in place for a period of 60 days, unless the seal is modified by the Court or any party requests an extension of the seal.

Dated:  March 31, 2021          Respectfully submitted,

                                              POLLOCK COHEN LLP
                                              LAW OFFICE OF JEREMY L. FRIEDMAN

                                              /s/ *Jeremy L. Friedman*
                                              Jeremy L. Friedman

                                              *Counsel for Plaintiff-Relator Jeffrey Mazik*