DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. #313952)
kgrossman@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

*Attorneys for Defendants Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; The Permanente Medical Group, Inc.; Southern California Permanente Medical Group; and Colorado Permanente Medical Group, P.C.*

POLLOCK COHEN LLP
Christopher K. Leung, CA Bar No. 210325
Adam Pollock (pro hac vice)
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel: (415) 825-8500
Email: Adam@PollockCohen.com

LAW OFFICE OF JEREMY L. FRIEDMAN
Jeremy L. Friedman, CA Bar No. 142659
2801 Sylhowe Road
Oakland, CA 94610
Tel: (510) 530-9060
Email: jlfried@comcast.net

*Attorneys for Plaintiff-Relator, Jeffrey Mazik*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* JEFFREY MAZIK,<br><br>                         Plaintiffs,<br><br>         v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>                         Defendants. | Case No. 2:19-cv-0559-DAD-KJN<br><br>**JOINT STIPULATION AND ORDER RE: NON-WAIVER OF PRIVILEGE AND PROTECTED MATERIAL** |

The Parties have jointly stipulated, seeking an Order regarding producing privileged material and protected trial-preparation material.

**GOOD CAUSE STATEMENT**

The Parties recognize that, in this action, each Party (and potentially third parties) will review and disclose large quantities of information and documents through the discovery process. As a result, information and documents produced to another Party could include materials that could have been withheld in whole or in part upon the basis of a privilege or protection, and thus not subject to disclosure in discovery. The Parties desire that discovery proceed in an expeditious and efficient manner without waiver of any privilege or the protection afforded to trial-preparation material. Therefore, it is the intent of the Parties that the requirements set forth in Federal Rule of Evidence 502(b) shall not apply to any determination of waiver under this Order. Instead, the Parties set forth below the concrete directives intended to supplant the test set forth in Rule 502(b). The concrete directives supplanting Rule 502(b)(1) and (2) are set forth in Paragraph 9 and the concrete directives supplanting Rule 502(b)(3) are set forth in Paragraph 15. Good cause existing for entry of this Protective Order, it is, pursuant to the Court's authority under Rule 502(d) of the Federal Rules of Evidence and with the consent of the Parties, ORDERED as follows:

**DEFINITIONS**

1. "Material" means and includes all items listed in Fed. R. Civ. P. 34(a)(l)(A) and (B), including, but not limited to, paper documents, electronically-stored information, deposition testimony, and discovery responses produced in this action.

2. "Protected Material" means Material that is subject to any claim of privilege that may lawfully be asserted without limitation and work-product protections, including common interest and protections afforded by Fed. R. Civ. P. 26(b).

3. "Producing Party" means either a Party or a third-party producing Material in this action.

4. "Receiving Party" means the Party or Parties receiving the Material from the Producing Party or third-party in this action. The use of the singular "Receiving Party" includes the plural "Receiving Parties."

**GENERAL PROVISIONS**

5. This Order applies to the attorney-client privilege, work-product protections, including protections afforded by Fed. R. Civ. P. 26(b), Governmental privileges (including without limitation deliberative process, investigatory files, and official privileges), trial-preparation materials, and all privileges that may lawfully be asserted, without limitation.

6. This Order governs Material produced by a Producing Party in this action.

7. Subject to Paragraph 8, the production of Protected Material in this action does not constitute a waiver of any privilege or protection in this action or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

8. The Parties agree that disclosure need not be "inadvertent" as that term is used in Rule 502(b), but agree that all productions, designations, and requests for return of Protected Material will be made in good faith. Accordingly, the Producing Party shall exercise good faith to prevent the disclosure of Protected Material and shall not request the return of Protected Material it produced knowing it to be privileged.

9. The Producing Party shall not file any motion or other pleading or action to dismiss, remove, or disqualify the Receiving Party, any attorney or other person employed or retained by the Receiving Party, or any third-party who received, reviewed, used, or disseminated Protected Material from any actions, including but not limited to this action, due to the receipt, review, use, or dissemination of Protected Material produced by the Producing Party prior to the receipt of written notice in accordance with Paragraph 14.

10. Experts for a Receiving Party may review any material produced by a Producing Party, but experts shall be bound by any notice from a Producing Party under this Order to the same extent as the Receiving Party who has retained the expert.

11. Nothing in this Order prohibits a Producing Party from withholding from production any Material covered by any privilege or other protection properly claimed.

12. If any Party has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

13. Any Party may seek modification of this Order for good cause – including but not limited to any circumstance created or exacerbated by the terms of this Order that may result in an unreasonable burden being imposed on any Party – at any time, but the provisions of this Order shall continue to be binding after the termination of this action, whether by settlement, judgment, or other disposition or conclusion and all appeals therefrom, unless otherwise ordered. The Parties agree to promptly meet and discuss joint modification of this Order should any specific provision become overly burdensome upon implementation.

**SPECIFIC PROVISIONS**

14. If the Producing Party determines it has produced Protected Material, the Producing Party shall serve written notice upon the Receiving Party's counsel of record within ten (10) business days of discovering the disclosure. This notice shall provide information sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5) and shall at a minimum identify for each claim of privilege or protection: the Protected Material, by bates number, that it is recalling; the privilege or protection asserted; and the basis for the invocation of the privilege or protection. The notice shall ask that the Receiving Party take reasonable steps to either return, sequester, or destroy the Protected Material. Additionally, the Producing Party must, together with the notice, provide a redacted copy of the Protected Material ("Redacted Material"), eliminating information that it considers privileged or protected, unless the Producing Party claims that the entirety of the Protected Material is privileged or protected.

15. Upon receipt of the written notice, the Receiving Party shall promptly take reasonable steps to return, sequester, or destroy all copies of the Protected Material and, beginning on the date of receipt of the written notice, shall not review, refer to, quote, cite, rely upon, or otherwise use the Protected Material unless agreed in writing by the Producing Party or authorized by the Court pursuant to Paragraph 16. Within ten (10) business days of the date of the written notice, the Receiving Party shall notify the Producing Party in writing that it has taken reasonable steps to return, sequester, or destroy all copies of the Protected Material. Within ten (10) business days of the date of the written notice, the Producing Party shall, in turn, provide a privilege log entry for the Protected Material so that the Receiving Party may properly evaluate the privilege or

protection asserted and decide whether to challenge the designation. Nothing herein prevents the Receiving Party from reviewing, referring to, quoting, citing, relying upon, or otherwise using the Redacted Material.

16. If the Receiving Party has not reviewed the Protected Material prior to receiving written notice from the Producing Party, it may not review the Protected Material for any purpose, including to challenge the privilege or protection asserted in the Producing Party's notice. If the Receiving Party has reviewed the Protected Material prior to receiving written notice from the Producing Party, it may rely on information gathered from its previous review to challenge the privilege or protection asserted in the Producing Party's notice. If the Receiving Party disputes the privilege or protection asserted in the Producing Party's notice, the Receiving Party must notify the Producing Party's counsel of record of its objection within ten (10) business days of receiving the Producing Party's notice. The Parties must then promptly attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may, after providing reasonable notice to the Producing Party, challenge the assertion of privilege or protection before the Court, along with a copy of the Protected Material, under seal in accordance with Civil Local Rule 141. The Parties shall, where appropriate, submit such portions of documents under seal in accordance with Civil Local Rule 141 so as to maintain any privilege or protection claim. The Producing Party bears the burden of proving the privilege or protection claim. In the event that the Court denies the Receiving Party's motion, the Receiving Party shall take reasonable steps to return or destroy all copies of the Protected Material within fifteen (15) business days of the Court's order.

17. If the Receiving Party determines that the Producing Party has produced Protected Material, the Receiving Party shall notify the Producing Party and shall not refer to, quote, cite, rely upon, or otherwise use the Protected Material until the Producing Party has had an opportunity to serve written notice on the Receiving Party in accordance with Paragraph 14. Material is not presumed to be Protected Material and the Receiving Party is not obligated to perform the notification requirements of this paragraph solely because material contains a legend such as "attorney-client privilege," "attorney work product," "privileged," "deliberative process privilege," or another similar privilege assertion in the header, footer, signature block, or elsewhere in the

material and does not contain any other indicia of privilege. This Paragraph does not in any way prevent the Producing Party from later identifying any document as Protected Material or requesting the return, sequestration, or destruction of Protected Material in accordance with Paragraph 14.

18. If the Receiving Party has disclosed Protected Material – either identified in the Producing Party's notice in accordance with Paragraph 14 or that the Receiving Party determines has been produced in accordance with Paragraph 17 – to a third-party before receiving the notice or making such a determination, the Receiving Party shall promptly take reasonable steps to retrieve all copies of the Protected Material from the third-party, notify the third-party that either the Producing Party is claiming that the material is privileged or protected or that the Receiving Party has made this determination, and inform the third-party that the material must not be further disclosed or used. The Receiving Party shall notify the Producing Party of this disclosure and the efforts to recover the Protected Material, provided, however, that the Receiving Party shall not be required to disclose information protected as attorney work product.

**IT IS SO STIPULATED**.

| | | |
|---|---|---|
| Dated:  January 11, 2023 | Respectfully submitted, | |
| | By: | /s/ *Dimitri D. Portnoi* <br> DIMITRI D. PORTNOI <br> KYLE M. GROSSMAN |
| | | *Attorneys for Defendants Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; The Permanente Medical Group, Inc.; Southern California Permanente Medical Group; and Colorado Permanente Medical Group, P.C.* |
| Dated: January 11, 2023 | Respectfully submitted | |
| | By: | /s/ *Adam Pollock* (as authorized 1/11/23) <br> ADAM POLLOCK |
| | | *Attorney for Plaintiff-Relator, Jeffrey Mazik* |

## ORDER

The court recognizes the parties' stipulation (see ECF No. 95) and generally approves of the agreed upon procedures. The scope and effect of the agreement will be considered at such time that a dispute arises subject to the stipulation and the parties' briefing on the specific matter. As with the concurrently issued protective order (see ECF No. 96), the court will not retain jurisdiction to hear disputes under this agreement once the case is closed. L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case).

**IT IS SO ORDERED.**

Dated:  January 17, 2023

mazi.559

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE