DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. #313952)
kgrossman@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:      (213) 430-6000
Facsimile:       (213) 430-6407

*Attorneys for Defendants Kaiser Foundation
Health Plan, Inc.; Kaiser Foundation
Hospitals; The Permanente Medical Group,
Inc.; Southern California Permanente Medical
Group; and Colorado Permanente Medical
Group, P.C.*

POLLOCK COHEN LLP
Christopher K. Leung, CA Bar No. 210325
Adam Pollock (pro hac vice)
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel: (415) 825-8500
Email: Adam@PollockCohen.com

LAW OFFICE OF JEREMY L. FRIEDMAN
Jeremy L. Friedman, CA Bar No. 142659
2801 Sylhowe Road
Oakland, CA 94610
Tel: (510) 530-9060
Email: jlfried@comcast.net

*Attorneys for Plaintiff-Relator, Jeffrey Mazik*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* JEFFREY MAZIK,<br><br>      Plaintiffs,<br><br>   v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC. et al.,<br><br>      Defendants. | Case No. 2:19-cv-0559-DAD-KJN<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING TREATMENT OF PROTECTED MATERIAL** |

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action is likely to involve production of confidential information, proprietary information, Personally Identifiable Information, Protected Health Information, and certain other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

        The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

        2.1     Challenging Party: a Party that challenges the designation of information or items under this Stipulated Protective Order.

        2.2     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

        2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL."

        2.4     Disclosures or Discovery Material: any and all produced materials, including documents, data, information, electronically-stored information ("ESI") and tangible things in the broadest sense contemplated by the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, electronic, or graphic material, however produced or reproduced, including, but not limited to all written or printed matter of any kind, computer data of any kind, graphic or manual records or representations of any kind, and electronic, or mechanical records produced or provided

in the course of this action by the Parties subject to this Stipulated Protective Order, and Non-Parties subject to this Stipulated Protective Order, including materials obtained by Relator, deposition testimony and exhibits thereto, deposition transcripts or videos, and answers and responses to interrogatories, answers and responses to requests for production or admissions, and answers and responses to other discovery requests and subpoenas.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation of this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.6    House Counsel: attorneys who are employees of a Party to this action.

2.7    Non-Party: any natural person, partnership, corporation, association, or other legal entity that is not named as a Party to this action and is not otherwise owned, operated or controlled, in whole or in part, by a Party to this action.

2.8    Outside Counsel: attorneys and personnel from outside law firms that the Parties have engaged to represent or advise in this action and have appeared in this action.

2.9    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel, including their support staff.

2.10    Personally Identifiable Information or PII: Social Security numbers, tax identification numbers, birth dates, and financial account numbers for which redacted filings are permitted by Rule 5.2 of the Federal Rules of Civil Procedure.

2.11    Producing Party: a Party or Non-Party that produces Disclosures or Discovery Material in this action.

2.12    Protected Health Information or PHI: certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including HIC number) that may be subject to the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, to the provisions of 42 U.S.C. § 1306, or for which there may be no waiver by the patient to disclose the information to a person who or entity which is not a Party to the above-captioned action. The Parties or Non-Parties may produce PHI in accordance with this Stipulated Protective Order pursuant to their

obligations to make disclosures under Federal Rule of Civil Procedure 26(a) and in response to discovery requests in this action. All individually identifiable health information shall be designated "CONFIDENTIAL" and may be used and/or disclosed in accordance with the terms of this Stipulated Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Proprietary Information</u>: information not already publicly available that constitutes: (a) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a, or the Trade Secrets Act, 18 U.S.C. § 1905; (b) trade secret or other confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G); or (c) any other information subject to a sealing in the above-captioned action pursuant to Civil Local Rule 141.

2.15   <u>Protected Material</u>: any Disclosures or Discovery Material that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL."

2.16   <u>Receiving Party</u>: a Party that receives Disclosures or Discovery Material from a Producing Party.

2.17   Information designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order (hereinafter "Confidential Information") includes Disclosures or Discovery Material that contains PII, PHI, or Proprietary Information, and shall be treated in accordance with Paragraph 7.2 and other paragraphs of this Stipulated Protective Order.

2.18   Information designated as "ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order (hereinafter "Attorneys' Eyes Only Information") includes Disclosures or Discovery Material that (a) constitutes Proprietary Information and (b) the Designating Party believes in good faith to be extremely confidential and/or extremely sensitive in nature, and shall be treated in accordance with Paragraph 7.3 and other paragraphs of this Stipulated Protective Order.

2.19   Information designated as "HIGHLY CONFIDENTIAL" pursuant to this Stipulated

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:19-CV-0559-DAD-KJN

Protective Order (hereinafter "Highly Confidential Information") includes Disclosures or Discovery Material that (a) constitutes Proprietary Information, (b) the Designating Party believes in good faith to be extremely confidential and/or extremely sensitive in nature, and (c) relates to the Medicare Advantage bid process or other competitively sensitive information, and shall be treated in accordance with Paragraph 7.4 and other paragraphs of this Stipulated Protective Order.

3.   SCOPE

The Court finds that this Stipulated Protective Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined in Paragraph 2.15), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order that the Parties will propose for the Court's consideration.

4.   DURATION

Even after final disposition of the litigation of this action, the confidentiality obligations imposed by this Stipulated Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof (including former employees of any Party or Non-Party who received Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information) until a Designating Party agrees otherwise in writing or a Court order otherwise directs. For purposes of this Stipulated Protective Order, final disposition shall be deemed to be the

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:19-CV-0559-DAD-KJN

later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain continuing jurisdiction in order to enforce the terms of this Stipulated Protective Order.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

        5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order, such as the inadvertent disclosure exceptions provided in Paragraph 5.4, or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

        (a) Documents.

        (1) for information in documentary form that allows endorsements or similar designation on the image (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall mark each page of a document asserted to contain Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information. The Producing Party shall affix the legend "CONFIDENTIAL" for those documents that contain Confidential Information as defined in Paragraph 2.17. The Producing Party shall affix the legend "ATTORNEYS' EYES ONLY" for those documents that contain Attorneys' Eyes Only Information as defined in Paragraph 2.18. The Producing Party shall affix the legend "HIGHLY CONFIDENTIAL" for those documents that contain Highly Confidential Information as defined in Paragraph 2.19.

        (2) for electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation of Confidential Information shall

be made by affixing the legend "CONFIDENTIAL" on the slip-sheet for the document, the designation of Attorneys' Eyes Only Information shall be made by affixing the legend "ATTORNEYS' EYES ONLY" on the slip-sheet for the document, and the designation of Highly Confidential Information shall be made by affixing the legend "HIGHLY CONFIDENTIAL" on the slip-sheet for the document. The metadata for the document shall also reflect its confidential status. The media on which the Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information is provided (e.g., CD, DVD, external hard drive) also shall be and remain plainly labeled with "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL," as appropriate (unless and until the protection of the data within the media is removed). Any copying or transferring of electronic files that are designated as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information must be done in a manner that maintains the protection for all copies.

(b) Interrogatory Answers and Responses to Requests for Production or Admission. The Producing Party shall designate Confidential Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'CONFIDENTIAL.'"  The Producing Party shall designate Attorneys' Eyes Only Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'ATTORNEYS' EYES ONLY.'" The Producing Party shall designate Highly Confidential Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'HIGHLY CONFIDENTIAL.'" Only that part of the answer or response that contains Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information shall be so designated and the Producing Party shall highlight the Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information to show what specific information constitutes Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information.

(c) Deposition Testimony. Subject to the requirements of Paragraphs 7.2-7.4 below, during a deposition, the parties may show deponents Disclosures or Discovery Material that has

been designated as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information. Portions of testimony at a deposition may be designated by any Party or Non-Party as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Stipulated Protective Order and the reasons for the assertion. Additionally and alternatively, any Party or Non-Party may also designate information disclosed at a deposition as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information by notifying all counsel in writing within thirty (30) calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information. After a Party or Non-Party designates a portion of a deposition transcript as Confidential Information, the front of the original and each copy of the deposition transcript shall be marked: "This deposition transcript includes CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." After a Party or Non-Party designates a portion of a deposition transcript as Attorneys' Eyes Only Information, the front of the original and each copy of the deposition transcript shall be marked: "This deposition transcript includes ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER." After a Party or Non-Party designates a portion of a deposition transcript as Highly Confidential Information, the front of the original and each copy of the deposition transcript shall be marked: "This deposition transcript includes HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If such deposition was videotaped, both the recording storage medium (i.e., CD or DVD) and its container shall also be labeled: "This deposition transcript includes CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," "This deposition transcript includes ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," and/or "This deposition transcript includes HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," as appropriate. Only those portions of the deposition transcript that are designated as containing Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:19-CV-0559-DAD-KJN

1   Information shall be governed by this Stipulated Protective Order.

2      (d) Pre-Production Inspection. A Party or Non-Party that makes original documents or

3   materials available for inspection need not designate them for protection until after the inspecting

4   Party has indicated which material it would like copied and produced. During the inspection and

5   before the designation, all of the material made available for inspection shall be deemed "HIGHLY

6   CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

7   produced, the Producing Party must determine which documents, or portions thereof, qualify for

8   protection under this Order. Then, before producing the specified documents, the Producing Party

9   must affix the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY

10   CONFIDENTIAL" legend to each page of a document containing Protected Material.

11      5.3 <u>Documents or Information Obtained From Non-Parties</u>. Documents or information

12   produced by a Non-Party or testimony provided by a Non-Party may be designated by the Non-

13   Party as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential

14   Information in accordance with all of the terms and conditions of this Stipulated Protective Order.

15      5.4 <u>Failures to Designate</u>. A failure to designate qualified information or items does not,

16   standing alone, waive the Designating Party's right to secure protection under this Stipulated

17   Protective Order for such material. Upon correction of a designation, the Receiving Party must

18   make reasonable efforts to assure that the material is treated in accordance with the provisions of

19   this Stipulated Protective Order. In the event that Disclosures or Discovery Material are or have

20   been produced without being marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or

21   "HIGHLY CONFIDENTIAL," the Designating Party may notify the Receiving Party of the

22   appropriate confidentiality designation and produce a metadata overlay, new hard copy, images, or

23   slip-sheets, as applicable, reflecting the appropriate confidentiality designation. Upon receipt of

24   any such reproductions, the Receiving Party shall thereafter preserve such reproduced Disclosures

25   or Discovery Material in accordance with this Stipulated Protective Order, including preserving the

26   material in compliance with Paragraphs 7.2-7.4 of this Stipulated Protective Order. If prior to

27   receiving such notice from the Designating Party, the Receiving Party has disclosed Confidential

28   Information, Attorneys' Eyes Only Information, or Highly Confidential Information to a Non-Party

not identified in Paragraphs 7.2-7.4, the Receiving Party shall promptly take reasonable steps to retrieve all copies of the Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information from the Non-Party and notify the Non-Party that the material remains subject to this Stipulated Protective Order. The Receiving Party shall notify the Designating Party of this disclosure and the efforts to recover the Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information.

5.5.    Proprietary Information. For Documents containing Proprietary Information designated as Confidential, Attorneys' Eyes Only, or Highly Confidential, the production of documents in this case by a Party or Non-Party shall not be construed as waiving or diminishing the interests of the Party or Non-Party in and rights to the confidentiality of Proprietary Information.

5.6.    PII, PHI, and Proprietary Information. Parties, Outside Counsel, and Non-Parties that receive information exchanged in this action have a responsibility to protect information containing PII, PHI, and Proprietary Information in accordance with this Stipulated Protective Order and applicable law even if the information is not designated as Confidential Information.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party may challenge a designation of Disclosures or Discovery Material as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation that it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Challenging and Designating Parties shall attempt to resolve each challenge in good faith through a prompt meet and confer. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material,

to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention. The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Parties shall refrain from making frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties). Unless the Designating Party has waived the confidentiality designation, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  If it is determined that the material in question should no longer be designated as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information, or if the Designating Party at any time withdraws the designation, the Designating Party shall promptly provide all other Parties with a metadata overlay, replacement documents, files, or information free from any markings or designations as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information, as appropriate.  The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties or Non-Parties. The presumptive time for providing the replacement information shall be fifteen (15) calendar days from the Court's ruling or the Designating Party's withdrawal of the designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Stipulated Protective Order. When the action has been terminated, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

      7.2    <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel in this action, as well as associated personnel assisting counsel in this action to whom it is reasonably necessary to disclose the information for the litigation of this action, such as paralegals, contract attorneys, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel, as well as associated personnel assisting counsel in this action to whom it is reasonably necessary to disclose the information for the litigation of this action, provided that each is advised of the terms of this Stipulated Protective Order and his or her obligation under the Stipulated Protective Order to keep the Protected Material confidential;

      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation of this action, provided that each is first advised of the terms of this Stipulated Protective Order and his or her obligation under the Stipulated Protective Order to keep the Protected Material confidential;

      (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for the litigation of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and its personnel;

      (e) court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for the litigation of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f) any Non-Party witness (i.e., a witness who is not an agent or representative of or

employed by a Party to this action) who is preparing to testify or who testifies at a deposition or hearing in this action concerning documents or information designated as subject to this Stipulated Protective Order, and legal counsel retained by such Non-Party witness, provided that such Non-Party witness is first advised of the terms of this Stipulated Protective Order and his or her obligation under this Stipulated Protective Order to keep the Protected Material confidential and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any Non-Party individual interviewed by a Party's legal counsel in connection with this action, provided that any such Non-Party is first advised of the terms of this Stipulated Protective Order and his or her obligation under this Stipulated Protective Order to keep the Protected Material confidential and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document, with respect to that document;

(i) a current employee of a Designating Party or of an affiliate of a Designating Party, with respect to information or items produced by that Designating Party, during testimony of such person at a deposition or hearing; and

(j) any private mediators and their employees used in this action, provided that each is first advised of the terms of this Stipulated Protective Order and his or her obligation under the Stipulated Protective Order to keep the Protected Material confidential.

The procedures for maintaining the confidentiality of Confidential Information during any hearing or trial in this action shall be determined by the Parties and the Court in advance of the hearing or trial.

7.3     Disclosure of Attorneys' Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) those persons described in sub-paragraphs (a), (c), (d), (e), (i), and (j) of Paragraph 7.2 of this Stipulated Protective Order;

(b) House Counsel from the Receiving Party not otherwise covered in paragraph 7.3(a) of this Stipulated Protective Order who have responsibilities in connection with litigating this

1  action, provided that such persons (i) are first advised of the terms of this Stipulated Protective

2  Order and their obligation under this Stipulated Protective Order to keep the Protected Material

3  confidential, (ii) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

4  (iii) shall view "ATTORNEYS' EYES ONLY" documents only remotely on a server hosted by the

5  Receiving Party's Outside Counsel and its vendors and may not copy, download, or otherwise

6  receive or possess such documents; and

7       (c) those persons described in sub-paragraph (h) of Paragraph 7.2 of this Stipulated

8  Protective Order not otherwise covered in Paragraph 7.3(a) of this Stipulated Protective Order,

9  provided that such persons (i) do not retain copies of the materials designated "ATTORNEYS'

10  EYES ONLY," (ii) are first advised of the terms of this Stipulated Protective Order and his or her

11  obligation under this Stipulated Protective Order to keep the "ATTORNEYS' EYES ONLY"

12  documents confidential, and (iii) have signed the "Acknowledgment and Agreement to Be Bound"

13  (Exhibit A).

14       The procedures for maintaining the confidentiality of Attorneys' Eyes Only Information

15  during any hearing or trial in this action shall be determined by the Parties and the Court in advance

16  of the hearing or trial.

17       7.4    <u>Disclosure of Highly Confidential Information or Items</u>. Unless otherwise ordered

18  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19  information or item designated "HIGHLY CONFIDENTIAL" only to:

20       (a) those persons described in sub-paragraphs (a), (c), (d), (e), (i), and (j) of Paragraph

21  7.2 of this Stipulated Protective Order;

22       (b) House Counsel; and

23       (c) those persons described in sub-paragraph (h) of Paragraph 7.2 of this Stipulated

24  Protective Order not otherwise covered in Paragraph 7.4(a) of this Stipulated Protective Order,

25  provided that such persons (i) do not retain copies of the materials designated "HIGHLY

26  CONFIDENTIAL," (ii) are first advised of the terms of this Stipulated Protective Order and his or

27  her obligation under this Stipulated Protective Order to keep the "HIGHLY CONFIDENTIAL"

28  documents confidential, and (iii) have signed the "Acknowledgment and Agreement to Be Bound"

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:19-CV-0559-DAD-KJN

(Exhibit A).

The procedures for maintaining the confidentiality of Highly Confidential Information during any hearing or trial in this action shall be determined by the Parties and the Court in advance of the hearing or trial.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this

action and designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Party that requested the information and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, providing with such notice the identity of the person to whom the Protected Material was disclosed and, upon request of the Designating Party, details concerning the

circumstances of the disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This Section is not intended to modify the agreement between the Parties pursuant to Federal Rule of Evidence 502(d) that is established in the Parties' "Joint Stipulation and Order re: Non-Waiver of Privilege and Protected Material."

12.   GOOD CAUSE STATEMENT

12.1   Particularized Need. The parties jointly contend that there is a particularized need as to documents containing confidential information, Personally Identifiable Information, Protected Health Information, and proprietary information, because of the privacy and pecuniary interests at stake. This includes the personal information of third party patients, proprietary information related to the Medicare Advantage bid process, and other competitively sensitive information. Because of these sensitive interests, this proposed order is being presented for the court's approval instead of resorting to a private agreement between the parties.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In the absence of such permission or order, a Party may nonetheless utilize Protected Material in Court filings, but it must seek to file the portions containing such Protected Material under seal in compliance with Civil Local Rule 141.

13.4    <u>Use of Party's Own Confidential Information</u>. Nothing in this Stipulated Protective Order shall restrict the right of any Party to use its own Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information to lose its designation as Confidential Information, Attorneys' Eyes Only Information, or Highly Confidential Information, then it shall no longer be subject to any protection under this Protective Order. Nothing in this Stipulated Protective Order, however, affects the protections afforded to such Personally Identifiable Information and/or Protected Health Information under applicable federal, state, or local laws.

14.    <u>FINAL DISPOSITION</u>

Within sixty (60) calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Regardless of whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) calendar day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. In the course of disposing of information in its possession under this provision, the Receiving Party will also take reasonable steps to notify persons to whom it distributed Protected Material pursuant to this Stipulated Protective Order that such information should be returned to the Receiving Party or destroyed by the person possessing

the information with written confirmation to the Receiving Party. Notwithstanding this Section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

**IT IS SO STIPULATED**.

Dated:  January 11, 2023                    Respectfully submitted,

                                            By:     /s/ *Dimitri D. Portnoi*
                                                    DIMITRI D. PORTNOI
                                                    KYLE M. GROSSMAN

                                                    *Attorneys for Defendants Kaiser*
                                                    *Foundation Health Plan, Inc.; Kaiser*
                                                    *Foundation Hospitals; The Permanente*
                                                    *Medical Group, Inc.; Southern*
                                                    *California Permanente Medical Group;*
                                                    *and Colorado Permanente Medical*
                                                    *Group, P.C.*

Dated: January 11, 2023                     Respectfully submitted

                                            By:     /s/ *Adam Pollock* (as authorized 1/11/23)
                                                    ADAM POLLOCK

                                                    *Attorney for Plaintiff-Relator, Jeffrey*
                                                    *Mazik*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

The court has reviewed the parties' stipulated protective order.  (See ECF No. 96.)  The stipulation comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1.  The court APPROVES the protective order, subject to the following clarification.  The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case).  Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  January 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mazi.559

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:19-CV-0559-DAD-KJN

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Eastern District of California on [date] in the case of

*United States ex rel. Mazik v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 2:19-cv-

00559-DAD-KJN. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

**Date:** _____

**City and State where sworn and signed:** _____

**Printed name:** _____

**Signature:** _____